# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TANNER WIGGINS, as Father and
Legal Guardian of A.W.,

    Plaintiff,

v.                                        Case No. 3:16-cv-1142-J-32MCR

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.

## **O R D E R**

This case is before the Court on GEICO's Omnibus Motion in Limine, (Doc. 88), Plaintiff's Omnibus Motion in Limine, (Doc. 90), and the responses thereto, (Docs. 91; 93). On May 22, 2019, the Court held a Final Pretrial Conference, the record of which is incorporated herein.

For the reasons stated on the record, it is hereby

**ORDERED:**

1. GEICO's first motion in limine regarding personal opinions of insurance companies, (Doc. 88 at 4-6) is **GRANTED in part and DENIED in part**. Witnesses are not permitted to make general statements about their impressions of insurance companies. However, the remainder of the motion is

denied without prejudice. GEICO may raise specific objections it has to Plaintiff's experts' or Mr. Arnold's testimony at trial.

2. GEICO's unopposed second motion in limine regarding GEICO's advertising campaigns, (Doc. 88 at 6–7), is **GRANTED**.

3. GEICO's third motion in limine regarding A.W.'s injuries, medical problems, limitations, and/or current condition resulting from the underlying accident, including photographs of the vehicle she was in, (Doc. 88 at 7–10), is **GRANTED in part**. Plaintiff may elicit testimony that A.W.'s medical records and the crash scene photographs were available to GEICO, but may not introduce those items into evidence or show them to the jury without leave of court obtained outside the jury's presence.

4. GEICO's unopposed fourth motion in limine regarding Lindsey Wiggins's disability, (Doc. 88 at 10), is **GRANTED**.

5. GEICO's fifth motion in limine regarding GEICO employees' understanding of Florida bad faith law, (Doc. 88 at 11–13), is **GRANTED in part and DENIED in part** as state on the record at the hearing.

6. GEICO's sixth motion in limine to preclude introduction of evidence or testimony after January 27, 2009, including Doug Burnetti as a witness, (Doc. 88 at 13–16), is **withdrawn in part and taken under advisement**. Because GEICO maintains its objection to Doug Burnetti as a witness, Plaintiff

shall proffer his testimony outside the presence of the jury. Otherwise, the motion is withdrawn.

7. GEICO's seventh motion in limine regarding GEICO's claims manuals or any internal policies, (Doc. 88 at 16–19), is **taken under advisement** pending a proffer of which portions of this material Plaintiffs seek to introduce.

8. GEICO's eighth motion in limine regarding GEICO's personnel files, (Doc. 88 at 20), is **taken under advisement**. While Plaintiff's expert may be able to rely on material contained in the personnel files, the Court is uncertain whether there is an evidentiary basis to admit them.

9. GEICO's ninth motion in limine regarding Shands Hospital on the initial tender check as being improper, (Doc. 88 at 20–24), is **DENIED without prejudice**. GEICO may raise specific objections at trial.

10. GEICO's tenth motion in limine regarding changes to GEICO's standard release, (Doc. 88 at 24–25), is **GRANTED in part and DENIED in part**. Plaintiff may not argue or elicit testimony about GEICO's reasons for changing its release.

11. Plaintiff's first motion in limine to preclude testimony and argument regarding the tender of policy limits, (Doc. 90 at 1–3), is **GRANTED in part and DENIED in part**. As agreed by the parties, the dates GEICO

tendered the policy limits to Mr. Arnold (the dates they were mailed) were October 31, 2009 and January 23, 2009.

12. Plaintiff's second motion in limine to preclude opinion testimony of another's beliefs or state of mind, (Doc. 90 at 3–5), is **GRANTED in part and DENIED in part**. No witness can testify as to what someone else was thinking. Otherwise, the motion is denied.

13. Plaintiff's third motion in limine to preclude GEICO and its expert from discussing Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So. 3d 204 (Fla. 2012), (Doc. 90 at 5), is **DENIED without prejudice**. Plaintiff may raise specific objections at trial.

14. Not later than **May 29, 2019 at 12:00 p.m.** the parties shall file all transcripts, designations, cross-designations, and objections for witnesses who will be testifying via deposition. By that same time, the parties shall deliver to chambers two courtesy copies of pre-marked exhibits.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of May, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

4

Counsel of record